UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERMAINE WEAVER,

    Plaintiff,

        v.                                  Case No. 22-cv-2130-JPG

JOHN D. STOBBS, II,

    Defendant.

## MEMORANDUM AND ORDER

       This matter comes before the Court on plaintiff Jermaine Weaver's response to the Court's October 13, 2022, order to show cause (Doc. 6). Weaver has sued defendant John D. Stobbs, II in connection with Stobbs's performance as Weaver's defense counsel in his criminal prosecution. Weaver is now incarcerated at FCI-Greenville due to his criminal conviction. Weaver claims Stobbs wrongfully kept the $15,000 fee Weaver paid him even though Stobbs did questionable work for him during his brief representation. In the order to show cause, the Court noted that there appeared to be no legitimate basis for invoking federal jurisdiction in this case. Weaver had not pled a federal question under 28 U.S.C. § 1331, and he had insufficiently pled diversity jurisdiction under 28 U.S.C. § 1332(a). The Court was unable to discern any other basis for federal subject matter jurisdiction, so it ordered Weaver to show cause why the Court should not dismiss this case for lack of jurisdiction.

       Weaver responded to the show cause order with a motion for leave to amend his complaint (Doc. 11) and has tendered a proposed amended complaint purporting to assert a claim against Stobbs under 42 U.S.C. § 1983 rather than the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680. He has also filed a motion for appointment of counsel (Doc. 10). In his motion for leave to amend, he asserts that Stobbs violated the Illinois Supreme Court Rules of Professional Conduct in several of ways, and he wants Stobbs to return the $15,000 fee he charged. Weaver also attempts to demonstrate that the Court has diversity jurisdiction by stating that he is a Missouri citizen and Stobbs

is an Illinois citizen and that he seeks $100,000 in punitive damages.

Weaver's response does not point to any legitimate basis for federal jurisdiction.

FTCA Claim: Although Weaver claims he is not asserting an FTCA claim, the Court reviews the viability of such an attempt for the sake of thoroughness. A federal court has jurisdiction over an FTCA claim if it is actionable under § 1346(b), that is, if it is, among other things, for a negligent or wrongful act cause by an employee of the United States. *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). Stobbs is a private attorney, not an employee of the United States. Thus, Weaver could not assert any FTCA claim based on Stobbs's conduct over which the Court would have federal question jurisdiction.

§ 1983 Claim: A plaintiff can have a claim under 42 U.S.C. § 1983 where a defendant deprived the plaintiff of rights secured by the Constitution or laws of the United States, and the defendant was acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006). As noted above, Stobbs is a private attorney, not an employee of any government for which he could act "under color of state law." Furthermore, Weaver has not alleged Stobbs deprived him of any constitutional right. Thus, Weaver cannot allege any § 1983 claim over which the Court has federal question jurisdiction.

Diversity Jurisdiction: Weaver has asserted that he and Stobbs are completely diverse, but he has not alleged that the statutorily required amount is actually in controversy. He relies on his claim for punitive damages to elevate his claim for $15,000 in compensatory damages over the $75,000 threshold. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). But "[w]hen a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer

jurisdiction, we should scrutinize that claim closely."  *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315-16 (7th Cir. 1996).

Punitive damages are unrecoverable in this case as a matter of law.  To the extent Weaver alleges a pure breach of contract claim, punitive damages are not awardable for such claims.  *Morrow v. L.A. Goldschmidt Assocs., Inc.*, 492 N.E.2d 181, 183 (Ill. 1986).  And while punitive damages may be awarded in some tort claims, they cannot be awarded in legal malpractice claims under Illinois law.  735 ILCS 5/2-1115.  Thus, the amount in controversy in Weaver's complaint is simply $15,000 unenhanced by punitive damages, which amounts to far less than the $75,000 needed to support federal diversity jurisdiction.

The Court is unable to discern any basis for federal subject matter jurisdiction other than those discussed above.  Because Weaver's proposed amended complaint fares no better than his original complaint with respect to establishing federal jurisdiction, the Court will deny him leave to amend and will dismiss this case without prejudice for lack of jurisdiction.

For these reasons, the Court:

- **DENIES** Weaver's motion for leave to amend his complaint (Doc. 11);

- **DENIES as moot** Weaver's motion to appoint counsel, who would not have had a reasonable chance of changing the result of this case (Doc. 10);

- **DISMISSES** Weaver's case **without prejudice** for lack of subject matter jurisdiction; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   November 7, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
